IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LENELDON GALLOWAY**                                                                        **PLAINTIFF**

v.                                                                      CAUSE NO. 2:15CV48-LG-RHW

**FOOD GIANT, QUEENS BLVD COMMONS, LLC,**
**and XYZ CORPORATIONS 1-10**                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [78] for Summary Judgment filed by Defendant Food Giant Supermarkets, Inc. Plaintiff Leneldon Galloway has responded, and Food Giant has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that there are questions of material fact regarding possession and control of the parking lot at issue. Accordingly, the Defendant's Motion will be denied.

### BACKGROUND

Galloway alleges he stepped in a water-filled hole in the parking lot of the Piggly-Wiggly Food Store (owned by Food Giant) in Columbia, Mississippi, causing him to fall and sustain unspecified bodily injuries. He alleges that the defendants were aware of the hole in the parking lot for an extended period of time, but failed to repair it. His claims are for "negligence and negligent training and supervision," and "negligence/premises liability." (Am. Compl. 3, 4, ECF No. 19).

Food Giant moves for summary judgment asserting that as a mere tenant of the building owned by Queens Blvd Commons, LLC, it does not own, control or retain a right to control the parking lot adjacent to the Piggly-Wiggly. Instead,

Queens Blvd Commons, LLC, was responsible for maintaining the parking lot. Therefore, Food Giant argues that it cannot be liable for plaintiff's damages under any theory.

## THE LEGAL STANDARD

"Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* Fed. R. Civ. P. 56(a). The moving party has the burden "of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The Court views the evidence and draws reasonable inferences in the light most favorable to the non-moving party. *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). Through the submission of competent summary judgment evidence, the moving party must foreclose the possibility that the record, taken as a whole, could "lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adickes*, 398 U.S. at 157. If the movant presents a properly supported motion for summary judgment, "the burden shifts to the nonmoving party to show, with 'significant probative evidence,' that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

DISCUSSION

1. <u>Premises Liability</u>

In this diversity action, the Court applies the law of the forum state, Mississippi. *State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC*, 751 F.3d 684, 688 (5th Cir. 2014) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Under Mississippi law, an invitee is a person who goes upon the property of another in answer to the express or implied invitation of the owner for their mutual benefit. *Skelton ex rel. Roden v. Twin County Rural Elec. Ass'n,* 611 So.2d 931, 936 (Miss. 1992).

The parties agree that Galloway was an invitee of Food Giant. He was therefore owed a duty of reasonable care when he came on the property. *Albert v. Scott's Truck Plaza, Inc.,* 978 So.2d 1264, 1267 (Miss. 2008). The issue central to this Motion is whether Food Giant owed Galloway a duty of care. Galloway contends that there is a question of material fact on this issue created by evidence that Food Giant 1) invited its customers to use the parking lot; 2) utilized three buggy corrals in the parking lot; and 3) monitored the parking lot to keep it free of trash and debris.

Generally, a "tenant/lessee/occupier of premises owes a duty of reasonable care to its invitees for the demised property and such *necessary incidental areas substantially under its control . . . . and which he invites the public to use.*" *Wilson v. Allday,* 487 So. 2d 793, 798 (Miss. 1986) (emphasis added). Mississippi law allows a

landlord and tenant to contractually allocate the duty of care for leased premises. *See Titus v. Williams,* 844 So. 2d 459, 466 (¶23) (Miss. 2003) ("When parties fail to allocate responsibility for keeping a leased premises in a safe condition through contract, Mississippi common law places that duty squarely on the party who possesses or controls the property."). However, if a lessee exercised "some degree of possession and control over the property," then the contractual allocation may simply create a concurrent duty owed by the landlord and lessee to invitees. *Ray v. Blockbuster, Inc.*, 9 So. 3d 422, 424 (Miss. Ct. App. 2008).

In *Ray v. Blockbuster*, a Blockbuster customer fell into a pothole in a shopping center parking lot within twenty feet of the Blockbuster store. The lessor, not Blockbuster, had the responsibility to maintain the parking lot, and the parking lot was not part of the leased premises. Nevertheless, the court held that the plaintiff had demonstrated a question of material fact on the issue of Blockbuster's duty to warn of a known dangerous condition in the parking lot directly in front of the store's entrance. *Ray*, 9 So. 3d at 426. The court found certain provisions in the lease agreement to be important to its conclusion. First, the lease agreement required Blockbuster to carry

> insurance covering accidents or occurrences on "the demised premises, the sidewalks adjoining the same[,] and other areas of the shopping center." Blockbuster was further required to defend suits arising from its acts or negligence stemming from its rights in the parking lot, . . . [and] "in or about the demised premises, the sidewalks adjoining same and the other areas of the shopping center used by [Blockbuster] in common with others."

*Id.* at 425 (¶12). Second, Blockbuster had the contractual right to erect a sign in the parking lot. *Id.* at 426 (¶15). Third, Blockbuster's customers and employees were permitted to use the parking lot. *Id.* In addition to these contractual provisions, the court found it significant that the pothole was close to the store entrance and had existed for more than a month without any attempt to repair it.

The *Blockbuster* decision relied on the earlier case of *Wilson v. Allday*, 487 So. 2d 793 (Miss. 1986), which also concerned a fall in a parking lot maintained by a landlord for use by shopping center invitees. The parking lot was not part of the devised premises, and the landlord contractually agreed to perform any required maintenance. The *Wilson* court noted that the general rule in Mississippi is that the "duty of care applies [to a lessee] even though the landlord may also have some control over the particular premises and may also be held liable for injuries thereon." *Id.* at 797, overruled on other grounds by *Mayfield v. The Hairbender*, 903 So. 2d 733 (Miss. 2005) (quoting 52 C.J.S. Landlord & Tenant, § 436).

The evidence that the *Wilson* lessee occupied and controlled the parking lot was that the lessee 1) erected a cart corral in the parking lot, 2) had employees go onto the lot at least twelve times a day to collect carts, and 3) invited customers and employees to park in the lot. This was sufficient to allow the jury to consider the issues of the lessee's control and resultant duty to invitees. *Id.* at 798.

The facts of this case are very similar to those in *Wilson*. The Lease Agreement in effect at the time of the incident does not devise the parking lot, only

the building. (Food Giant Suppl. Evid. Submission Ex. 1, at 1, ECF No. 86-1). The parking lot is a "common area," provided and maintained by the Landlord for use by all persons without charge to Food Giant "for ingress and egress between the demised premises and all other portions of the shopping center and the adjoining streets, alleys and sidewalks." (*Id.* at 3 (¶6)). Food Giant was required to contribute to the costs of maintaining the parking lot, but not perform maintenance itself: "LANDLORD shall keep the parking area lighted, striped, clean and free of all debris, and available at all times as a free parking lot for all customers of the shopping center." (*Id.*). However, the Landlord alone was responsible for repairs to the parking area. (*Id.* at 4 (¶10)). "If any portion [of the parking area] shall at any time be in need of repair, LANDLORD will repair the same immediately upon receipt of written notice from the TENANT. . . ." (*Id.*). There are no provisions requiring Food Giant to maintain insurance covering the parking lot or indemnify the landlord for claims originating there.

Just as in *Wilson*, the terms of this Lease Agreement clearly place the landlord in control of the parking lot, not the lessee. Nevertheless, there is deposition testimony that 1) store patrons were invited to use the parking lot; 2) employees were instructed to keep the parking lot clear of trash; 3) Food Giant

maintained three cart corrals[1] in the parking lot, from which employees retrieved carts multiple times a day; and 4) employees were aware that the pothole existed. (Smith Dep., Pl. Resp. Ex. 3, at 10, 11, 14-17, ECF No. 92-3). Under Mississippi law, this evidence is sufficient to allow a jury to determine whether Food Giant exercised a degree of possession and control of the parking lot sufficient to create a duty to repair a dangerous condition or warn invitees coming onto the premises. *Wilson*, 487 So. 2d at 798. Summary judgment is not appropriate in regard to the "negligence/premises liability" claim.

2. Negligent Training and Supervision

Galloway contends that the defendants lacked policies and procedures regarding proper inspection and maintenance of the parking lot, and they did not adequately implement the policies and procedures that might have existed. According to testimony of Food Giant's representative, employees were only required to inform management of needed repairs to the parking lot. (Hutton Dep., Pl. Resp. Ex. 1, at 11, ECF No. 92-1). Employees were not instructed to warn invitees of known hazards in the parking lot. (*Id.* at 14-15). In response, Food Giant argues that Galloway cannot establish the duty element of this negligence

---

[1] Food Giant argues that it did not place the cart corrals in the parking lot, but there is no evidence of this in the record. The referenced affidavit states only that Food Giant does not have an ownership interest in the common areas, nor has it repaired the parking lot or other common areas. (Food Giant Mot. Ex. B at 2, ECF No. 78-2). While there is deposition testimony that Food Giant "maintains" the cart corrals, there is no summary judgment evidence from either party tending to show who established the cart corrals in the first place.

claim, because Food Giant did not have possession and control of the parking lot.

For the reasons stated above, the Court finds that there is a question of material fact regarding whether Food Giant possessed and controlled the parking lot to the extent that it owed a duty of reasonable care to Galloway. Accordingly, summary judgment will be denied as to the "negligence and negligent training and supervision" claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [78] for Summary Judgment filed by Defendant Food Giant Supermarkets, Inc., is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 5th day of May, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE